N. STEWART, Executor, *v.* JANE McCALOP, wife of PAUL DAIGRE.

A married woman is incapable of renouncing prescription, without the authorization of her husband.

APPEAL from the Sixth Judicial District Court, parish of East Baton Rouge, *Robertson*, J. *Marr & Graves*, for plaintiff. *Dunn & Herron*, for defendant and appellant.

BUCHANAN, J. This is a suit, instituted on the 14th April, 1852, upon an account with eight per cent. interest added, running from March 10th, 1841, to March 14th, 1850, and amounting, in principal and interest, to $11,179 50. The defendant pleads the general issue, *res judicata*, and prescription.

The evidence in the cause introduced by plaintiff shews that the note of $2,532 42 made by defendant in favor of *James McCalop*, on the 20th March, 1843, and payable three days after date, was given in settlement of the indebtedness of defendant to said *McCalop* at the date of the note—an indebtedness arising from loans or advances of cash made by the latter to pay the debts of the former. This being the case, we think that all the items. of the account sued upon, which are anterior in date to that note, must be rejected, unless it be shewn that they were omitted in that settlement, as many of them are

stated to be in the account itself. Upon this subject, however, there is a total want of proof in the record. We therefore reject the items of

$42 88
356 46
52 45
963 31
1,586 94

Amounting in all to $3,002 04

which are in date antecedent to the settlement between *McCalop* and his niece, evidenced by the notarial act of mortgage from the latter to the former.

The next question is, whether the note of $2,532 42 is barred by prescription. It was due, as we have seen, (including the days of grace,) on the 26th March, 1843.

On the back of the note is this endorsement:

" I acknowledge this note to be just and true, and will not take advantage of this note in law or prescription in law, and I will take no advantage on the mortgage that is given on this note in the parish of East Baton Rouge, in the State of Louisiana, to my uncle, *James McCalop*, this, the 23d of October, 1848. JANE DAIGRE."

On the same day, the 23d October, 1848, the defendant renounced the plea of prescription upon this note, by act before the Parish Recorder.

At the time of this double renunciation of prescription, more than five years had elapsed since the maturity of the note, consequently prescription was already acquired. It is urged, on the part of the defendant, that being a married woman, she was incapable of renouncing prescription without the authorization of her husband; and that no such authorization appears either for the endorsement on the note or the authentic act in question.

This plea is supported by the article 3425 of the Civil Code, and by the case of *McComas* v. *Green*, 6th An., 121. The plaintiff's counsel has endeavored to take this note out of the prescription of five years, inasmuch as it forms an item of an account; and relies upon the decision in *Toledano* v. *Gardiner*, 2d An., 779. That was the case of a suit upon a factor's account with a planter, in which were items of acceptances for the accomodation of the planter. The court properly held, that as the suit was not upon the bill itself, but upon the contract for reimbursement of advances, the bill being merely a voucher, the prescription of five years did not apply. But this is not an analogous case. This suit is instituted in part upon the note with arrearages of interest nearly equalling the note in amount. It is made one of the items of an account, it is true. But it is incorrectly so; for we have seen that this note was a settlement of all preceding indebtedness. Besides, the account does not purport to be (as in the case cited) an account current, composed of items debited and credited as they occurred, nor even an account kept at all by *McCalop*. It merely purports to be an account made out by *McCalop's* executors after his death, partly it would seem from isolated vouchers which came into the executors' possession, and partly without formal vouchers, and upon such information as the executor had gathered.

The parol evidence of acknowledgment of this note is liable to the same objection as the written evidence. The District Judge did not err in rejecting the item of $4,500 67, being the amount, in capital and interest, of defendant's note of $2,532 42.

STEWART
*v.*
McCALOP.

The remainder of the account consists of the following items :

"Defendant's note to *T. N. Smith*, paid by *McCalop*, 31st March, 1843, $244 57

"Instalments on defendant's bond to the City Bank, paid at sundry
times from May 1845 to 1849,    -     -     -     -     556 00

                                                                          499 00

                                                                   285 67

                                                                    448 00

                                                                    603 00

"Cash to defendant, May 14th, 1844,    -     -     -     -      50 00

"State taxes for 1845, paid 31st December, 1845,   -     -      25 71

"*Matta's* account for 1848, paid March 6th, 1849,   -     -    782 95

"Cash paid *Pyburn*, for corn, March 14th, 1850,   -     -    68 00

with interest calculated on each item, to 1st January 1851.

There is an attempt to prove a lumping acknowledgment of the account sued on : but it is not satisfastory to us. We will therefore proceed to examine the evidence adduced in support of each of the items above detailed.

The payment of *Pyburn's* account for 68 barels corn by *McCalop*, for account of defendant, is proved by the testimony of *Lesage*.

The bill for State taxes for 1845—$25 71—is proved by *Morris*, Tax Collector. The same witness proves also a payment of $13 86 for parish taxes of 1845, not charged in the account sued on.

*Matta's* bill for $782 95 is proved by *Matta*.

The instalments on the City Bank bond are proved, as charged.

The items of *Smith's* note $244 57, and cash lent $50, are not proved.

The nature of these items indicates that *McCalop* was the general agent or *chargé d'affaires* of his niece, and it appears reasonable to allow him legal interest upon the cash advances thus proved, from the date of payment, under article 2994 of the Civil Code.

It is therefore adjudged and decreed that the judgment of the District Court be reversed ; and that plaintiff and appellee recover of defendant and appellant, four thousand five hundred and eight dollars and seventy-two cents, with legal interest on the sum of three thousand two hundred and sixty-eight dollars and thirty-three cents from the 21st May, 1855, until paid, and costs of the court below; the costs of the appeal to be paid by appellee.